**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Garett D. Hall, | No. CV-15-08189-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Summit Fire District, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Garett D. Hall's Motion to Exclude Opinions and Testimony of Dr. John Beck (Doc. 87, Mot.), to which Defendants Summit Fire District, Summit Fire District Board, Howard Nott, Jim Doskocil, Rick Parker, Bill Stoddard, and Don Howard filed a Response (Doc. 96, Resp.), and Plaintiff filed a Reply (Doc. 97, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). The Court will deny Plaintiff's Motion for the reasons set forth below.

**I.    LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first

assess whether the testimony is valid and whether the expert's reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593-94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is also applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). A qualified expert may testify in the form of opinion if the offered experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579. The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.    ANALYSIS**

Plaintiff moves to exclude the testimony of Defendants' expert witness, Dr. John Beck, arguing that Dr. Beck's testimony opinions are "unreliable" because they have no basis in fact or data and Dr. Beck's testimony will not assist the trier of fact because he is not a qualified expert on Post-Traumatic Stress Disorder ("PTSD"). (Mot. at 1-2.)

### A. Dr. Beck's Qualifications to Offer Expert Testimony on PTSD and Reasonable Accommodations

Plaintiff argues that Dr. Beck is not qualified to provide expert testimony regarding reasonable accommodation because he lacks relevant professional experience. (*See* Mot. at 13-14.) Courts evaluating admissibility of "technical" or "specialized" knowledge determine first, whether the technical or specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue; and second, whether or not the proposed witness has the requisite qualifications in his area of expertise. *United States v. Plunk*, 153 F.3d 1011, 1017 (9th Cir. 1998), *overruled on other grounds recognized by United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000). Rule 702 contemplates a broad conception of expert qualifications, approving qualification by "knowledge, skill, experience, training, or education." *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994).

This case involves issues regarding Hall's PTSD, whether it precludes his ability to work, reasonable accommodations available to him, and other related issues. (*See* Doc. 23, 2d Am. Compl.) Plaintiff confuses "relevance" with "qualification" under the *Daubert* inquiry. (*See* Mot. at 13.) Defendants properly contend that Dr. Beck's expert testimony will help explain to the jury the nature of Hall's PTSD condition, its impact on Hall's work as a firefighter, his treatment, and whether any reasonable accommodation is available to him. (Resp. at 6-7.) The Court agrees that Dr. Beck's offered opinions are relevant because they present specialized knowledge regarding Hall's claims. *See Daubert*, 509 U.S. at 591.

With regard to his qualifications, Dr. Beck is a board certified psychologist with over 30 years of experience. (Resp. Ex. 2, Beck Curriculum Vitae ("CV") at 4-5.) He has treated hundreds of PTSD patients, including evaluations of police officers and veterans. (Resp. Ex. 1, Beck Dep. 56:22-57:9, 59:5-16.) Dr. Beck also has 16 years of experience as a human resources director, providing reasonable accommodation recommendations and receiving feedback from employees. (Resp. Ex. 1, Beck Dep. 150:8-151:13, 169:19-

170:1.) Dr. Beck's education, knowledge, and experience are well established by the record and demonstrate his qualifications to provide expert testimony regarding the viability of reasonable accommodations and its effect on Hall and other employees.

Plaintiff argues that Dr. Beck's primary specialty in mild traumatic brain injury, his insufficient work experience with public safety officials with PTSD, and his unfamiliarity with experts in the field of PTSD demonstrate a lack of qualification to testify in this matter. (Mot. at 14-15.) However, Dr. Beck has performed psychiatric fitness-for-duty evaluations of police officers and evaluated veterans for PTSD. (Resp. Ex. 1, Beck Dep. 39:18-42:13, 174:7-11.) Also, his secondary area of expertise in PTSD has allowed him to provide expert testimony for the past five years for PTSD-related issues. (Resp. Ex. 1, Beck Dep. 16:14-17:1.) Therefore, Dr. Beck has the qualifications to provide testimony regarding reasonable accommodations and PTSD.

### B. Sufficiency of the Facts and Data Dr. Beck Relied On

Plaintiff next argues Dr. Beck fails to demonstrate proper methodology and data to support his conclusions about the availability of reasonable accommodations, thus failing the reliability prong of *Daubert*. (Mot. at 6, 11.) Experts of all kinds may draw conclusions from "general truths derived from . . . specialized experience." *Kumho Tire*, 526 U.S. at 148. As a result, the original *Daubert* factors, at times, may not be applicable to testimony that relies on knowledge and experience of the expert, rather than methodology or theory. *Hankey*, 203 F.3d at 1169. Where an expert fails to provide more than qualifications, conclusions, and assurances of reliability to support his testimony, the testimony fails to be sufficiently based on facts and data. *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995).

Here, Dr. Beck personally conducted a clinical interview of Hall, administered a variety of psychological and personality tests, and completed a forensic psychological examination. (Resp. Ex. 1, Beck Dep. 163:21-25.) Dr. Beck also reviewed Hall's psychiatric and therapy records, the results of a prior independent medical examination, and the report completed by Hall's own expert witness. (Resp. Ex. 1, Beck Dep. 164:1-

165:14.) Dr. Beck thus based a portion of his opinions regarding Hall's PTSD condition on information derived from these psychological tests and records.

Regarding his opinions of Hall's PTSD and the availability of reasonable accommodation, Dr. Beck cited his 16 years of experience as a human resources director, making decisions about reasonable accommodations and hardships for a large hospital system. (Resp. Ex. 1, Beck Dep. 169:19-23.) He also referenced his consultations with police departments, banks, and other industry leaders in the implementation of the Americans with Disabilities Act. (Resp. Ex. 1, Beck Dep. 169:22-170:1.) Dr. Beck also based his opinions about schedule modifications and public safety work on feedback he had previously received from police officers on light duty and their colleagues. (Resp. Ex. 1, Beck Dep. 150:8-151:13.) Furthermore, Dr. Beck hinged his opinions regarding stimuli that may trigger Hall's PTSD on his experience with public safety officials with PTSD and his psychological evaluation of Hall. (Resp. Ex. 1, Beck Dep. 149:8-12, 170:2-9.)

Plaintiff also contends that Dr. Beck based his conclusions on "logic," without providing data to support them, and assumptions, not facts about Pinewood Fire Department, Hall's current employer. (Mot. at 11.) Courts act as a gatekeeper under *Daubert*, but do not supplant the adversary system or role of the jury. *Daubert*, 509 U.S. at 596. The district court does not evaluate the persuasiveness of the offered evidence, but leaves it to "vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof" to attack admissible evidence. *Id.* Dr. Beck cited his extensive experience as a human resources director and his review of Hall's psychological evaluations as support for his opinions. The Court thus finds Dr. Beck has sufficiently relied on proper data, methods, and experience to formulate his opinions and leaves it to the Plaintiff to dispute the strength of his credentials or weight of his opinion through cross-examination.

### III.  CONCLUSION

The Court finds that Dr. Beck's testimony as to Hall's PTSD condition and the availability of reasonable accommodation is relevant to Hall's legal claims; that Dr. Beck

is qualified to offer his testimony; and that his testimony is reliable based on his referenced experience and his review of Hall's psychological evaluations.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Exclude the Opinions and Testimony of Dr. John Beck (Doc. 87).

Dated this 30th day of March, 2018.

Honorable John J. Tuchi
United States District Judge